UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SILVER STAR PROPERTIES REIT, INC.,
ET AL.,

    Plaintiffs,

v.                             **No. 4:26-cv-00662-P**

BSPRT CRE FINANCE LLC., ET AL.,

    Defendants.

## OPINION & ORDER

Before the Court is the Silver Star Plaintiffs' Unopposed Emergency Motion to Refer to Bankruptcy Court and Brief in Support. ECF No. 10. Having considered the Motion, the record, the applicable law, and the absence of opposition to the relief requested, the Court finds that the Motion will be **GRANTED**.

## BACKGROUND

This case originally came to the Court by removal from the Texas Business Court. Plaintiffs, a collection of related companies, have a pending Bankruptcy Case in this district. *See In re Silver Star Properties REIT, Inc.*, Case No. 26-42316-mxm11 (Chapter 11). Plaintiffs filed an Unopposed Emergency Motion to Refer to Bankruptcy Court on an expedited schedule because Defendant's pending Emergency Motion for Permissive Abstention and Equitable Remand also has an expedited briefing timeline. This motion is thus ripe for review. The Court addresses the Motion to Refer and concludes that this case should be referred to the Bankruptcy Court.

## LEGAL STANDARD

28 U.S.C. § 157(a) authorizes district courts to refer cases "arising in or related to a case under title 11" to the district's bankruptcy judges. 28 U.S.C. § 157(a). The Northern District of Texas's 1984 Standing Order of Reference directs this Court to do so. *Miscellaneous Order No. 33, Order of Reference of*

*Bankruptcy Cases and Proceedings Nunc Pro Tunc* (August 3, 1984). "Related to" is broadly defined as whenever "the outcome of [a] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994–995 (3d Cir. 1984)); *see also Celotex Corp. v. Edwards,* 514 U.S. 300, 308 & n.6 (1995) (endorsing "conceivable effect" standard).

A bankruptcy court may "hear" non-core "related to" proceedings and "submit[s] proposed findings of fact and conclusions of law to the district court" for de novo review of timely-objected matters. *See* Fed. R. Bankr. P. 9033 (implementing the proposed findings procedure). The Bankruptcy Court therefore presides over discovery, motion practice, and trial, while this Court retains plenary authority to enter final judgment. Under § 157(c)(1) and Rule 9033, no final order or judgment will issue from the Bankruptcy Court on any non-core matter unless and until this Court conducts its de novo review and enters a final order. Thus, Article III is satisfied because final adjudicative authority remains with the District Court. *See Stern v. Marshall*, 564 U.S. 462, 502 (2011) (§ 157(c)(1) permits bankruptcy judges to hear non-core matters subject to district-court review).

## ANALYSIS

Referral to the Bankruptcy Court is permitted and preferred here for three reasons.

*First*, the outcome of this case could conceivably have an effect on an estate in an ongoing bankruptcy matter, which favors referral. Plaintiff alleges various claims against Defendant involving loans, default judgments, and other monetary issues that will "conceivably have [an] effect on the estate being administered in bankruptcy." *Wood*, 825 F.2d at 93. Thus, the conceivable effect standard is met.

*Second*, the Bankruptcy Court may preside over non-core matters in this case because the Bankruptcy Court remains subject to this Court's de novo review and final authority. Referral is also preferred for judicial economy.

*Third*, Referral is also preferred for judicial economy. The Bankruptcy Court is charged with handling the Debtor's estate. Litigating in two separate courts would invite duplicative discovery, inconsistent rulings, and forum-fragmentation between proceedings that are factually and economically

inseparable. Referral eliminates that risk. See *Celotex*, 514 U.S. at 308 (recognizing congressional intent to centralize bankruptcy-related matters). Further, the Bankruptcy Court is well-equipped to consider Defendants' other pending Motion for Permissive Abstention and Equitable Remand. Referral does not foreclose any of Defendants' claims, but places them in a Court well-equipped to evaluate those claims.

## CONCLUSION

For the above reasons, the Court **ORDERS** that this proceeding is **REFERRED** to the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 157(a) and the Northern District of Texas's Standing Order of Reference (Miscellaneous Order No. 33, Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc (Aug. 3, 1984)). It is further **ORDERED** that the Court takes notice of Plaintiffs' unequivocal and irrevocable waiver of any right to a jury trial on the claims asserted in this action.

This Court retains jurisdiction over this proceeding for de novo review of any proposed findings of fact and conclusions of law submitted by the Bankruptcy Court, and for entry of final judgment as required by 28 U.S.C. § 157(c)(1).

**SO ORDERED** this **22nd Day of June 2026**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE